IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC M. ROBINSON, <br><br> Petitioner, <br><br> vs. <br><br> BRAD JOHNSON, Lancaster County Jail; and DOUG PETERSON, Attorney Generals Office; <br><br> Respondents. | 8:21CV118 <br><br> MEMORANDUM AND ORDER |

This matter is before the court on initial review of Petitioner Eric M. Robinson's ("Robinson") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filings 1 & 2.) Robinson's petition consists of the 9-page Form AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and over 500 pages of attachments. In addition, Robinson filed a Motion to Amend and for Judicial Notice (filing 6) which asks the court to take judicial notice of certain state court records and includes Robinson's comments on the significance of those records, among other things. For purposes of this initial review, the court will grant Robinson's motion (filing 6) and take judicial notice of Robinson's state court records[2] as well as the records in Robinson's other cases filed in this court.[3] For the

---

[1] The court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

[2] *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). The state court records in *State v. Robinson*, No. CR18-1107, District Court of Lancaster County, Nebraska, and the Nebraska Court of Appeals appellate case records in No. A-19-719 may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

reasons discussed below, the court will dismiss Robinson's petition without prejudice.

Robinson filed his petition on March 18, 2021, and alleges he is a pretrial detainee "out on bond" in Lancaster County District Court Case No. CR18-1107, which is presided over by Judge Lori Maret. (Filing 1 at CM/ECF p. 1.) Robinson is charged with possession of burglar's tools and possession of methamphetamine stemming from an arrest on July 31, 2018. (*Id*. at CM/ECF pp. 1, 157.) Robinson filed two previous § 2241 habeas petitions in this court, Case No. 4:18CV3154 and Case No. 8:19CV42, challenging the same underlying state court action. The court dismissed Robinson's petitions in 4:18CV3154 and 8:19CV42 without prejudice concluding that Robinson had failed to exhaust his state court remedies and failed to establish any "special" or "extraordinary" circumstances that warranted this court's intervention in ongoing state court criminal proceedings. (Filings 14 & 15, Case No. 4:18CV3154; Filings 27 & 28, Case No. 8:19CV42.)

In the present petition, Robinson alleges the following five grounds for relief, which the court states verbatim:

Ground One: Judge Susan Strong abused her discretion when she did not give me a full and fair statement of my CI19-1896 claim. Judge Strong used Judge Maret[']s 6-18-19 false finding of competency and its lack of authoritative means that released me from the Regional Center by a[n] invalid order the CI19-1896 claims invalidate. . . .

Ground Two: The Neb[raska] Court of Appeals abused its discretion when it sustained the Att[orney] Gen[eral's] Office motion for

---

[3] *See Robinson v. Huerta et al.*, 4:13-cv-03130-JMG-PRSE; *Robinson v. State of Nebraska*, 8:17-cv-00204-RGK-PRSE; *Robinson v. State of Nebraska*, 8:18-cv-00073-RGK-PRSE; *Robinson v. The Lancaster County Court et al.*, 8:18-cv-00111-RGK-PRSE; *Robinson v. State of Nebraska et al.*, 4:18-cv-03154-RGK-PRSE; *Robinson v. Johnson*, 8:19-cv-00042-RGK-PRSE; *Robinson v. Johnson*, 8:19-cv-00043-RGK-PRSE.

summary affirmance that argues the wrong judge[']s decision, identifies the competency matter as A-19-719 and argues that I recieved [sic] the relief I was looking [for] that by page 41 of CI19-1896 is false. . . .

Ground Three: The United States District Court of Nebraska abused its discretion by giving 8[:]19CV42 a false statement of my claim, while at the same time makes no acknowledgement of my exhausted CI19-896/A-19-727 state habeas proceedings in my 8:19CV42 Motion to Discharge Detainee Amending Exhibits J-Z submitted on 12-31-19 that was ignored[.]

Ground Four: The United States District Court of Nebraska abused its discretion by not correcting its 8:19CV42 false statement of my claim in concerns with validating Judge Maret[']s false finding of competency and not acknowledging my CI19-1896/A-19-727 exhausted state habeas proceedings in my 8:19CV42 Motion for Reconsideration[.]

. . . .

Ground Five:

A.) Judge Maret abused her already invalid discretion by and to my . . . unawareness disingenuously striking my CR18-1107 12-12-18 motion for new counsel for exparte [sic] prohibited purposes with the false intention of tricking me into changing its claims to the motion to dismiss that she commenced on 1-7-19 and when that didn[']t work stood me down for 6 months with mental health fraud[,] which is a violation of my 1st[,] 5th[,] 6th[,] and 14th Amendment right.

B.) Judge Maret abused her already invalidated subject matter jurisdiction when she disingenuously struck my 6-25-19 CR18-1107 supplimental [sic] filing to my 12-12-18 motion for new counsel

asking for a ruling on said motion for new counsel upon my return to jail from the Regional Center, which is evidence that I was unaware of the stricken new counsel motion.

C.) Judge Colborn abused his already invalidated discretion in the matters of CR18-1107 when he struck my CR18-1107 notice of appeal and its poverty affidavit when it was already filed in the court of appeals as A-19-719, which was an appeal to be used as a mandamus like action for Judge Maret not ruling on my 12-12-18 motion for new counsel or its supplemental [sic] filing upon my return to jail from the Regional Center, because I was not aware of Judge Maret[']s 12-17-18 disingenuous striking of my 12-12-18 CR18-1107 motion for new counsel until I recieved [sic] the CR18-1107 Judges Notes by the CR18-1107 praecipe for summons of the CR18-1107 record and transcripts and still was not able to find Judge Maret[']s disingenuous works with my motion for new counsel till now.

D.) The Neb[raska] Court of Appeals abused its discretion for not addressing the A-19-719 matter because their dismissal even at that point determines the root of the problem and that is "it []appears there is not a final order to appeal" when at the time of their dismissal of A-19-719 it had been almost a year since I motioned for new counsel on 12-12-18, so why wouldn[']t said court responsible for a correction of errors in concerns with a motion that has no procedural bars not be concerned with a motion for new counsel never addressed . . . . It[']s the most important and the only motion a defendant is permitted to use and they don[']t want to address it??? What the Nebraska Court of Appeals dismissed A-19-719 for doesn[']t have any authoritative relevance if compared to their own findings in State vs Davlin [that] ["]A request for substitute counsel is not a complex legal or procedural undertaking. Once the request is made, the court has a duty to inquire into the factual basis of the defendant's dissatisfaction.["]

4

(Filing 1 at CM/ECF pp. 6–8, 238–40 (capitalization in original omitted).) Robinson seeks "a fair and full review of [his] claims" and asks the court to "discharge this detainee from the invalid matters of CR18-1107." (*Id.* at CM/ECF p. 8 (capitalization omitted).)

Upon reviewing Robinson's claims, the court concludes that Grounds One, Two, and Five (B), (C), (D) assert only errors of state law and, thus, do not state cognizable claims for federal habeas relief. *Stewart v. Nix*, 972 F.2d 967, 970 (8th Cir. 1992) ("Errors of state law do not provide a basis for federal habeas corpus relief."). Grounds Three and Four take issue with this court's rulings in Robinson's previous habeas case, 8:19CV42. Indeed, Robinson's petition is replete with numerous complaints about this court's past handling of Robinson's various cases and challenges to his state court criminal proceedings. To the extent Robinson complains about this court's past decisions, such complaints do not entitle him to habeas relief in the present case. Those past matters are closed, and the court will not revisit them. Robinson's remaining claim, Ground 5 (A), asserts a violation of his First, Fifth, Sixth, and Fourteenth Amendment rights based on Judge Maret's striking of his CR18-1107 motion for new counsel, attempt to recharacterize his claims as a motion to dismiss counsel, and order that he undergo competency proceedings even though, according to Robinson, she lacked authority to do so.

"[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir.

1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

As the court concluded in Robinson's two previous challenges to CR18-1107, abstention is appropriate here as the state criminal proceedings are ongoing and Robinson has not exhausted his state court remedies. According to his state court records, Robinson filed a motion for absolute discharge which was overruled and presently his appeal of that decision is pending. The court must allow such state court procedures to play out and will not interfere in Robinson's ongoing state proceedings. The court further finds that abstention is particularly appropriate because Robinson's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court in his ongoing criminal case. Robinson's claims are just the latest iteration of what he believes is a "multi-case network of fraud" dating back to 2014 that, for reasons only he can understand, entitle to him relief from his current custody in CR18-1107. Robinson may believe the whole Lancaster County, Nebraska judicial system is corrupt and out to get him, but he presents nothing more than wholly conclusory, unsupported, and nearly incomprehensible allegations that in no way suggest he is entitled to habeas relief. In short, the court sees nothing in Robinson's voluminous submissions in this case or his prior cases that would warrant any relief from the custody imposed upon Robinson by the pending proceedings in CR18-1107. Because it "plainly appears from the petition . . . that [Robinson] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, the court will dismiss the petition without prejudice.

Because "the detention complained of arises from process issued by a state court," Robinson must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas

relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court has applied the appropriate standard and determined that Robinson is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Robinson's Motion to Amend and for Judicial Notice (filing 6) is granted in accordance with this Memorandum and Order.

2. The petition for writ of habeas corpus (filings 1 & 2) (and any amendments or supplements thereto) is dismissed without prejudice. No certificate of appealability has been or will be issued.

3. The court will enter judgment by separate document.

Dated this 3rd day of September, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge